**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

ALECIA TRAMEL,

    Plaintiff,

v.

J & G HOLDINGS OF AVENTURA, LLC, d/b/a
MASSAGE ENVY MM#22152, a Florida
Limited Liability Company,

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW, Plaintiff, ALECIA TRAMEL ("Plaintiff"), by and through their undersigned counsel, hereby files this complaint and sues Defendant, J & G HOLDINGS OF AVENTURA, LLC, d/b/a MASSAGE ENVY MM#22152, a Florida Limited Liability Company, ("Defendant"), and alleges as follows:

1.    Plaintiff brings this action against Defendant alleging violations of Title III of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12181-12189. Specifically, Plaintiff alleges that Defendant refused to provide massage services to her based on her disability because she has HIV.

2.    The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188 and supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's claims under Florida law.

3.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (2) in that this is the judicial district in which Defendant resides, and in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. Plaintiff, ALECIA TRAMEL, is and, at all times relevant hereto, was a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

6. Defendant, J & G HOLDINGS OF AVENTURA, LLC, d/b/a MASSAGE ENVY MM#22152, is a Florida Limited Liability Company, licensed to and doing business in Miami-Dade County, Florida.

7. Plaintiff is an individual who is positive for human immunodeficiency virus (HIV+), and accordingly has a physical impairment that substantially limits one or more major life activities, including the functions of the immune system, which is a major bodily function. Accordingly, she has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 36.104. At all times material, TRAMEL was in good health, and, although HIV+, was completely asymptomatic.

8. Defendant owns, leases or operates a place of public accommodation within the meaning of 42 U.S.C. § 12182(a); is a private entity within the meaning of 42 U.S.C. § 12181(6); and is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7), because it affects commerce and operates as public accommodation. *See* also 28 C.F.R. § 36.104.

9. In 2019, Defendant owned and operated a Massage Envy franchise. On or about August 28, 2019, Plaintiff sought massage services at Defendant's franchise. After disclosing her HIV positive status, Defendant refused to provide Plaintiff with massage services.

10. In the course of Defendant's massage services, they place a blanket over the individual who receives the massage and massage the customer's body over the towel.

11. In any event, there is no contact with any bloody sores or transmission of or contact with any bodily fluids during a patient's massage.

12. There is a negligible risk of transmission of HIV antibodies, and with universal precautions, there is no risk of transmission of HIV antibodies.

13. As a result of being refused services from the Defendant, Plaintiff suffered discrimination on the basis of disability.

14. As a result of the actions of the defendant and its employees, the Plaintiff was humiliated and suffered damages solely as a result of her disability. She has suffered mental anguish and embarrassment due to this outrageous conduct.

15. Plaintiff retained the services of J. Courtney Cunningham, PLLC, and Disability Independence Group, and has agreed to pay them a reasonable fees and costs for the services rendered herein.

## COUNT I-VIOLATION OF TITLE III
## OF THE AMERICANS WITH DISABILITIES ACT

16. The Plaintiff realleges the allegations in Paragraphs 1 through 15 as if restated herein.

17. Under Title III of the ADA, no person who owns, leases or operates a place of public accommodation may discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

18. Defendant discriminated against the Plaintiff by denying her the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant on the basis of HIV, in violation of 42 U.S.C. § 12182 and 28 C.F.R. § 36.201.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and others similarly situated prays for:

a. A Declaratory Judgment at the commencement of this action that Defendant including its, employees, staff, and agents acting within the scope of their employment with Defendant, are in violation of Title III of the ADA, 42 U.S.C. § 12182, and its implementing regulation, 28 C.F.R. Part 36;

b. A permanent injunction directing Defendant to refrain from discriminating against any individual on the basis of disability, including HIV or AIDS, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered at any of its current or future locations;

c. An order requiring that, for each potential customer who is not accepted as a patient because of his or her disability, including but not limited to HIV or AIDS, Defendant creates a written file and maintains the written file for at least two years from the date the potential customer is not accepted. Each file must identify all persons involved in the determination and must include written documentation supporting the basis for the determination;

d. An order requiring Defendant to submit a draft non-discrimination policy to this Court for its review and approval. The non-discrimination policy will state that it does not discriminate in the provision of services to persons with disabilities, including persons who have HIV or AIDS. Once it has been approved by the Court, Defendant will adopt, maintain, and enforce the non-discrimination policy for the duration of this Agreement. This policy statement will be conspicuously posted in the reception area of each current and future location in which Defendant conducts business, and on the company's main webpage or "homepage," currently located at http://www.massageenvy.com, as well as on the homepage of any current or future website Defendant uses for this business;

e. An order requiring Defendant to provide training on Title III of the ADA to all of its employees, including training about HIV/AIDS and discrimination in general. In addition, Defendant will ensure that all new employees, who are involved with admissions or treatment of customers receive the training referenced herein as a component of new employee training and orientation. Defendant shall provide the training to new employees within thirty (30) days of their start date. Employees whose duties will involve the record-keeping provisions set forth above shall also be trained on how to implement those provisions. Defendant shall create and maintain an attendance log that documents the name of each individual who attends the trainings, his or her title, and the date he or she attended the training.;

f. Payment of costs of suit;

g. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

4

  h.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT II—VIOLATION FLORIDA STATUTE §760.50

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 above as though fully set forth herein.

20. Defendant discriminated against Plaintiff in violation of Florida Statute §760.50 (4)(a) when it refused to provided massage services to Plaintiff on the basis of the fact that Plaintiff is HIV positive.

21. The minimum requirement for any licensed masseuse in Florida is to have at least three hours of HIV/AIDS education. J & G HOLDINGS OF AVENTURA, LLC, d/b/a MASSAGE ENVY and its staff is required to have actual knowledge regarding the fact that transmission of HIV can be minimized from application of universal precautions, and have received (or should have received) statutory training regarding the requirements of masseuses prior to obtaining a license. The information obtained by Massage Envy and its employees includes education on the modes of transmission, infection control procedures, clinical management, and prevention of HIV and AIDS. Further, pursuant to Florida Law, Massage Envy and its employees were taught information on current Florida law on acquired immune deficiency syndrome and its impact on testing, confidentiality of test results, treatment of patients, and any protocols and procedures applicable to human immunodeficiency virus counseling and testing, reporting, the offering of HIV testing to pregnant women, and partner notification issues.

22. In 1989, the Florida Legislature amended the Florida Omnibus AIDS Act by removing limiting language and converted § 760.50 into a general reference statute by incorporating the terms of other statutes for the protection of the disabled into § 760.50, as §

760.50(2), and allowing the remedy as provided under § 760.50(6), in addition to any other remedy under the other statutes.

23. Section 760.50(2), provides: "Any person with or perceived as having acquired immune deficiency syndrome, acquired immune deficiency syndrome related complex, or human immunodeficiency virus shall have every protection made available to handicapped persons."

24. Section 413.08, makes it illegal to for "any person, firm, or corporation, or the agent of any person, firm, or corporation, who denies or interferes with admittance to, or enjoyment of, a public accommodation or otherwise interferes with the rights of an individual with a disability or … commits a misdemeanor of the second degree."

25. J & G HOLDINGS OF AVENTURA, LLC, intentionally and unjustifiably discriminated against TRAMEL because of her HIV status.

26. Defendant J & G HOLDINGS OF AVENTURA, LLC, is a person as defined by § 760.50, and are not permitted to discriminate against an otherwise qualified individual in housing, public accommodations, or governmental services on the basis of the fact that such individual is, or is regarded as being, infected with human immunodeficiency virus.

27. There is no likelihood that no reasonable accommodation could have been made to prevent the likelihood that TRAMEL would expose other individuals to a significant possibility of being infected with the HIV virus.

28. In fact, with application of universal precautions, there would be little, if not negligible, likelihood that TRAMEL would expose other individuals to a significant possibility of being infected with the HIV virus.

29. In view of the actual knowledge of the prohibitions under the law from the training to be licensed under the state of Florida, the acts of the defendants were intentional or made with deliberate indifference to the rights of TRAMEL.

**WHEREFORE**, Plaintiff, ALECIA TRAMEL demands judgment against Defendant, J & G HOLDINGS OF AVENTURA, LLC, d/b/a MASSAGE ENVY, for injunctive relief, the higher of liquidated damages *or* $5,000 for intentional or reckless violations of the Florida Omnibus AIDS Act or actual damages, reasonable attorney's fees; and such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Dated: September 18, 2019

Respectfully submitted,

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com

By: s/ *Matthew W. Dietz*
MATTHEW W. DIETZ, ESQ.
Florida Bar No.: 0084905
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Tel:  (305) 669-2822
Fax:  (305) 442-4181
Mdietz@justDIGit.org
aa@justdigit.org

*Counsel for Plaintiff*